## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

JAY CONNOR, individually
and on behalf of a class of all persons and
entities similarly situated,

       Plaintiffs,

vs.

Case No.  2:23-cv-03726-RMG

PRIORITY CONCEPTS, INC.

       Defendant.

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Plaintiff Jay Connor brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2.      The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq.*

3.      The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as Mr. Connor's was prior to receiving the call.

4.      Mr. Connor alleges that Priority Concepts, Inc. utilized pre-recorded messages to advertise its goods or services.

5.      Mr. Connor and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Connor brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

6.      A class action is the best means of obtaining redress for the Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

7.      Plaintiff Jay Connor resides in Charleston, South Carolina.

8.      Defendant Priority Concepts, Inc. is a corporation with a principal place of business in New York.

### Jurisdiction & Venue

9.      The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the SCTPPA claims as they arise from the same case and controversy, the telemarketing campaign of the Defendant.

10.      The Court has specific personal jurisdiction over the defendant because the calls at issue were made by Priority Concepts into this District.

11.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim—namely, the calls to Mr. Connor—occurred in this District.

### Statutory Background

12.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing …

2:23-cv-03726-RMG    Date Filed 07/31/23    Entry Number 1    Page 3 of 11

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L.

No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The TCPA Prohibits Automated Telemarketing Calls

13.    The TCPA makes it unlawful "to make any call (other than a call made for

emergency purposes or made with the prior express consent of the called party) using an

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14.    The TCPA provides a private cause of action to persons who receive calls in

violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

15.    According to findings by the Federal Communication Commission ("FCC"), the

agency Congress vested with authority to issue regulations implementing the TCPA, such calls

are prohibited because, as Congress found, automated or prerecorded telephone calls are a

greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

and inconvenient.

16.    The FCC also recognized that "wireless customers are charged for incoming calls

whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order,

18 FCC Rcd. 14014, 14115, ¶ 165 (2003).

17.    In 2013, the FCC required prior express written consent for all autodialed or

prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines.

Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed
> and be sufficient to show that the consumer:  (1) received "clear and conspicuous
> disclosure" of the consequences of providing the requested consent, i.e., that the
> consumer will receive future calls that deliver prerecorded messages by or on behalf

of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd. 1830, 1844 (2012) (footnotes omitted).

The SCTPPA

18.     On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq*.

19.     The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

20.     The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA.  S.C. Code § 37-21-80.

**Factual Allegations**

Call to Mr. Connor

21.     Mr. Connor is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

22.     On July 11, 2023, Mr. Connor received a pre-recorded call on his cellular telephone number, 843-281-XXXX.

23.     The number called had been on the National Do Not Call Registry for more than 30 days prior to the call.

24.     The pre-recorded message stated that business are due a refund based on a federally mandated employee retention credit program.

25.    The company was not properly identified in the pre-recorded message, so Mr. Connor responded to the recorded message.

26.    During the subsequent sales pitch, Mr. Connor spoke with a representative from Priority Concepts who advertised their service of obtaining a tax credits for a fee.

27.    "Henry" from Priority Concepts provided the Defendant's website.

28.    "Henry" also provided the Defendant's New York address to confirm that the Defendant was offering the goods and serviced.

29.    Mr. Connor ended the call.

30.    Mr. Connor, through counsel, then sent a letter to the Defendant regarding the pre-recorded call.

31.    The Defendant did not deny the pre-recorded calling conduct or respond to the letter.

32.    However, the Defendant called Mr. Connor again.

33.    On July 20, 2023, Mr. Connor received a pre-recorded call on his cellular telephone number, 843-281-XXXX.

34.    The number called had been on the National Do Not Call Registry for more than 30 days prior to the call.

35.    The pre-recorded message stated that business are due a refund based on a federally mandated employee retention credit program.

36.    The company was not properly identified in the pre-recorded message, so Mr. Connor responded to the recorded message.

37.    During the subsequent sales pitch, Mr. Connor spoke with a representative from Priority Concepts.

38.    "Jason" from Priority Concepts provided the Defendant's name and services.

39.    Mr. Connor didn't want to be called and told the Defendant that prior to ending the call.

40.     Mr. Connor had no prior relationship with either company and did not provide his prior express written consent.

41.     On July 26, 2023, Mr. Connor received a pre-recorded call on his cellular telephone number, 843-281-XXXX.

42.     The number called had been on the National Do Not Call Registry for more than 30 days prior to the call.

43.     The pre-recorded message stated that business are due a refund based on a federally mandated employee retention credit program.

44.     The company was not properly identified in the pre-recorded message, so Mr. Connor responded to the recorded message.

45.     During the subsequent sales pitch, Mr. Connor spoke with a representative from Priority Concepts.

46.     "John" from Priority Concepts provided the Defendant's name and services.

47.     Mr. Connor didn't want to be called and told the Defendant that in a follow-up call from "John".

## Class Action Allegations

43.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff bring this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

44.     The classes of persons Plaintiff propose to represent are tentatively defined as:

PRE-RECORDED CELL PHONE CLASS

All persons within the United States to whom (a) Defendant, and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) using an artificial or prerecorded voice; (c) to a phone registered to a cellular telephone service or any other service for which the person is charged for the call; (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

SCTPPA CLASS:

> All persons with a South Carolina area code to whom (a) at any time from May 18, 2018 (b) Defendant, or someone acting on their behalf (c) placed at least one telephone solicitation to a number registered on the National Do Not Call Registry.

45.     Excluded from the classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46.     The classes as defined above are identifiable through phone records and phone number databases that will be obtained through discovery.

47.     The potential class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day.  Individual joinder of these persons is impracticable.

48.     Plaintiff is a member of both classes.

49.     There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

        a.    Whether the Defendant violated the TCPA by using pre-recorded telemarketing to call cellular phones;

        b.    Whether the Defendant placed calls without obtaining the recipients' prior consent for the call;

        c.    Whether the Defendant violated the SCTPPA by making calls to South Carolina telephone numbers registered with the National Do Not Call Registry; and

        d.    Whether Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

50.     Plaintiff's claims are typical of the claims of class members.  Plaintiff's claims, like the claims of the classes, arise out of the same common course of conduct by the Defendant and are based on the same legal and remedial theories.

51.     Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52.     In fact, the Plaintiff have foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim.

53.     The actions of the Defendant are generally applicable to the classes and to the Plaintiff.

54.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)

56.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

57.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the class using an artificial or prerecorded voice.

58.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or

entities acting on Defendant's behalf's violation of the TCPA, 47 U.S.C. § 227, Plaintiff and

members of the classes presumptively are entitled to an award of $500 in damages for each and

every call made using an artificial or prerecorded voice in violation of the statute, pursuant to 47

U.S.C. § 227(b)(3)(B).

59.     If the Defendant's conduct is found to be knowing or willful, the Plaintiff and

members of the class are entitled to an award of up to treble damages.

60.     Plaintiff and members of the classes are also entitled to and do seek injunctive

relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on

Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for

emergency purposes, to any cellular telephone numbers or numbers for which the recipient is

charged for the call using an artificial or prerecorded voice in the future.

### Count Two:
### Violation of the SCTPPA

61.     Plaintiff incorporates the allegations from all previous paragraphs as if fully set

forth herein.

62.     The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a

telephone solicitation to an area code of the state of South Carolina to a number that is registered

on the National Do Not Call Registry.

63.     The SCTPPA allows for aggrieved individuals to initiate an action and recover

$1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well

as attorneys' fees and costs. S.C. Code § 37-21-80.

### Relief Sought

For themselves and all class members, Plaintiff request the following relief:

A.      Certification of the proposed classes;

B.      Appointment of the Plaintiff as representatives of the classes;

C.      Appointment of the undersigned counsel as counsel for the classes;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related

entities' actions complained of herein violate the TCPA and SCTPPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other related

entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F.      An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as

allowed by law;

G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

H.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

DATED this 31st day of July, 2023.

PLAINTIFF,
By his attorneys,

By:     _s/ Dave Maxfield_____
         David A. Maxfield, SC Bar # 7163
         P.O. Box 11865
         Columbia, SC 29211
         803-509-6800
         855-299-1656 (fax)
         dave@consumerlawsc.com

         Anthony I. Paronich
         Paronich Law, P.C.
         350 Lincoln Street, Suite 2400
         Hingham, MA 02043
         (508) 221-1510

anthony@paronichlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2023, a copy of the foregoing was filed through the

Court's CM/ECF System.

_s/ Dave Maxfield_____
David A. Maxfield, SC Bar # 7163