UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAY CONNOR, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PRIORITY CONCEPTS, INC., <br><br> Defendant. | Case No. 23-CV-3726-RMG <br><br><br> **MOTION TO DISMISS AMENDED COMPLAINT** |

Defendant, Priority Concepts, Inc., through its undersigned counsel, respectfully moves this court for dismissal of Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. Rule 12(b)(1) and 12(b)(6). Pursuant to LR 7.04, a full explanation of the motion is set forth herein.

**I.   OVERVIEW**

Plaintiff, Jay Connor ("Plaintiff") alleges without foundation that Priority Concepts has violated the Telephone Consumer Protection Act ("TCPA") based upon three calls he allegedly received to his cell phone, which he claims is registered on the National DNC Registry. He also alleges that these calls violated the South Carolina Telephone Privacy Protection Act ("SCTPPA"). The Amended Complaint must be dismissed.

Once again, Plaintiff's threadbare allegations fall far short of stating a plausible claim for relief against Priority Concepts in accordance with federal pleading standards and under the weight of applicable authority. Plaintiff alleges without foundation that he received a phone call with a "pre-recorded message," that the "company was not properly identified," that he called the number back and allegedly spoke to someone who was "a representative" of Priority Concepts. These allegations are woefully insufficient to state a TCPA claim pursuant to 47 U.S.C. § 227, *et seq.*,

1

and are insufficient to demonstrate that Priority Concepts bears any legal responsibility for those alleged calls in any respect.

First, Plaintiff's allegations do not come even remotely close to demonstrating that Priority Concepts placed the allegedly offending calls. Indeed, the facts that are missing from Plaintiff's allegations are more notable than the ones that are actually included. Plaintiff fails to allege what number the allegedly offending calls came from, what company the caller said they were calling from, what the caller said in their message, what number Plaintiff called back, or what the individual who claimed to be a "representative" of Priority Concepts actually said to indicate they had any relationship to the company at all. Without these critical details, Plaintiff has failed to allege facts that plausibly indicate that Priority Concepts was responsible for the allegedly offending calls or violated the TCPA.

Second, under the section of the TCPA Plaintiff cites in his claim, it is <u>only</u> unlawful to use an automated dialing system or pre-recorded messages to communicate with consumers who have not consented to such communications. Moreover, Plaintiff never alleges that Priority Concepts used an automated dialing system, resting his entire claim on the allegation that the messages were "pre-recorded." However, Plaintiff absolutely fails to allege any facts demonstrating that the calls were, in fact, pre-recorded, or how Plaintiff reached that conclusion. Plaintiff does not provide any transcript of what was said, any surrounding circumstances to indicate that the call was pre-recorded, or even whether he answered the call, or received a message in his voicemail. Without such facts, Plaintiff has completely failed to plausibly allege that the calls he received were pre-recorded.

Because Plaintiff's federal claim is deficient and must be dismissed, the Court should likewise decline to assert supplemental jurisdiction over his South Carolina state claim, and must dismiss the Amended Complaint in its entirety.

## II.     FACTUAL ALLEGATIONS

Plaintiff alleges without foundation that, on July 11, 2023, he received a "pre-recorded" call on his cellular telephone. He does not indicate in the Amended Complaint whether he answered this call or let it go to voicemail, nor does he identify the number of the incoming call. He then alleges without foundation that the "pre-recorded message" stated that "business [sic] are due a refund based on a federally mandated employee retention credit program." Am. Compl. ¶ 25. According to the Amended Complaint, "[t]he company was not properly identified in the pre-recorded message, so Mr. Connor responded to the recorded message." Am. Compl. ¶ 26. The Amended Complaint does not state what is meant by "not properly identified," although the phrasing and the surrounding allegations suggest that the caller indicated that they were calling from a company other than Priority Concepts. The Amended Complaint also does not identify the number Plaintiff used to respond to the original call. These facts simply fail to sufficiently plead a valid TCPA claim.

Plaintiff then alleges without foundation that he spoke with a "representative from Priority Concepts" (no name) who discussed "obtaining a tax credits [sic] for a fee." Am. Compl. ¶ 27. Plaintiff then alleges someone named "Henry" provided Priority Concept's website address and New York address, though Plaintiff does not allege those events occurred in the same call, or that Henry answered his first call. Am. Compl. ¶¶ 28, 29. The Amended Complaint contains no further allegations to connect "Henry" to Priority Concepts or demonstrate that

"Henry" was, in fact, a "representative" of Priority Concepts. Nor does the Amended Complaint contain any allegations to explain what it meant to be a representative of the company. Nor does the Amended Complaint allege that "Henry" was employed by the company. The vague and ambiguous language Plaintiff alleges in the Amended Complaint is insufficient to plausibly allege that Priority Concepts is responsible for the calls, or to plead a valid TCPA claim. The Amended Complaint then alleges that Plaintiff was sent an email from Priority Concepts. Am. Compl. ¶ 32. Yet the email and the contract were clearly sent from Priority Concepts automated address (i.e. info@priorityconceptsinc.com), **not** from any employee of the company, nor does the email reference the alleged call with Plaintiff. Am. Compl. ¶ 31-32, Exhibit 1).

The Amended Complaint then goes to allege that three more calls were made to Plaintiff on July 20, 2023, July 26, 2023, and August 3, 2023, respectively. Am. Compl. ¶¶ 37-62. The allegations regarding those calls are nearly verbatim as the first call, and are likewise insufficient, including the omission of the number of the incoming call, the name of the company that "was not properly identified," the telephone number Plaintiff called, or how Plaintiff determined that the person who answered his call allegedly represented Priority Concepts. In fact, there are only two additional facts regarding the second and third call; (a) Plaintiff spoke with individuals named "Jason," "John," and "Sara," respectively[1] (Am. Compl. ¶¶ 42, 50, and 60) and (b) in the calls with "Jason" and "John," Plaintiff told the person he spoke with that he did not want to be called again (Am. Compl. ¶¶ 43, 51). Once again, the vague and ambiguous

---

[1] It should be noted that Priority Concepts does not employ anyone by the name of "Henry," "Jason," or "Sara," and the only individual named "John" at the company only speaks with existing clients.

language Plaintiff employs in the Amended Complaint is insufficient to plausibly allege a valid TCPA claim or in the first instance that Priority Concepts is even responsible for the calls.

Plaintiff then alleges that he received a "live telemarketing call" from someone named "James Hamilton" regarding a $26,000 tax credit "that the Defendant was offering." Am. Compl. ¶ 64. Plaintiff's inclusion of this fact is bizarre insofar as (a) it is not a pre-recorded call, and therefore does not violate the TCPA and (b) Plaintiff never alleges that "James Hamilton" was even a representative of Priority Concepts.

In the Amended Complaint, Plaintiff asserts that Priority Concepts has violated the TCPA (Am. Compl. ¶¶ 56-60) and the SCTPPA (Am. Compl. ¶¶ 61-63).[2] With respect to the TCPA, Plaintiff alleges that Priority Concepts is liable for "making calls, except for emergency purposes, to the telephone numbers of Plaintiff and members of the class using an artificial or pre-corded voice." Am. Compl. ¶ 57. With respect to the SCTPPA, Plaintiff claims that Priority Concepts allegedly violated the statute by "initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry." Am. Compl. ¶ 62.

III.  **ANALYSIS**

    A.  **Standard for Motion**

This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Specifically, the Amended Complaint should be dismissed pursuant to 12(b)(1) because Plaintiff has failed to allege standing insofar as he has not sufficiently pled facts

---

[2] These paragraphs are found on pages 10 and 11 of the Amended Complaint, but apparently were not renumbered from the original Complaint.

demonstrating that Priority Concepts is responsible for the injury he suffered. Additionally, the Amneded Complaint should be dismissed pursuant to 12(b)(6) because Plaintiff has failed to sufficiently allege a violation of the TCPA.

1.      **Motions Pursuant to Rule 12(b)(1)**

Rule 12(b)(1) permits a defendant to move for dismissal of a claim based on a court's lack of subject-matter jurisdiction. *A.W. v. Fairfax County Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D.Va. 2008). As provided by Article III of the Constitution, federal courts have subject-matter jurisdiction over justiciable cases or controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992). The doctrine of standing is one component of justiciability, "serv[ing] to identify those disputes which are appropriately resolved through the judicial process." *Id*. at 560 (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

The standing issue of "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf" is "a threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

In order to satisfy the standing requirements of Article III of the Constitution, a plaintiff must demonstrate that: (1) he has suffered an injury in fact; (2) **the asserted injury in fact is fairly traceable to, or caused by, the challenged action of the defendant**; and (3) it is likely rather than just conjectural that the asserted injury in fact will be redressed by a decision in the plaintiff's favor. *Taubman Realty Grp. Ltd. P'ship v. Mineta*, 320 F.3d 475, 480 (4th Cir. 2003)

(citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000); (emphasis added).

The purpose of "[t]he 'fairly traceable' requirement [is to] ensure[] that there is a genuine nexus between a plaintiff's [alleged] injury and a defendant's alleged illegal conduct." *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 161 (4th Cir. 2000) (citing *Lujan*, 504 U.S. at 560). "If 'the line of causation […] is too attenuated' or 'highly indirect,' the plaintiff's injury is not 'fairly traceable' to the defendant and the plaintiff will not have standing." *Mayor & City Council of Baltimore v. Wells Fargo Bank, N.A.*, No. JFM-08-62, 2011 WL 1557759, at *2 (D. Md. April 22, 2011) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984), abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). The alleged conduct cannot be wholly "the result of the independent action of some third party not before the court." *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

### 2.     Motions Pursuant to Rule 12(b)(6)

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal citation omitted). In addressing the sufficiency of a complaint, courts are not required to credit conclusory allegations or legal conclusions couched as factual allegations. *Jacobs v.*

*Zurich Am. Ins. Co.*, No. 21-CV-2617, 2022 WL 16952013, at *2 (D.S.C. Nov. 15, 2022) ("Conclusory allegations pled in the complaint are undeserving of an assumption of truth and should be accepted only to the extent 'they plausibly give rise to an entitlement to relief.'") (quoting *Iqbal*, 556 U.S. at 679); *see also Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) ("We need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.")

### B.     Argument

#### 1. The Amended Complaint Fails to Connect Priority Concepts to the Alleged Activity

Here, Plaintiff's allegations in the Amended Complaint appear deliberately vague and conclusory and lack the necessary factual context to support an inference linking the calls to Priority Concepts. Simply put, more is needed to render the calls "fairly traceable" to Priority Concepts. As discussed above, the Amended Complaint only alleges that Plaintiff received a "pre-recorded" call from a caller that did "not properly identify itself" and that Plaintiff called back and spoke to someone who was a "representative" of Priority Concepts. These allegations utterly fail to plausibly allege that Priority Concepts placed or is responsible for the allegedly offending calls.

The facts that are missing from Plaintiff's allegations are more notable than the ones that are actually included. Plaintiff fails to allege what number the allegedly offending calls came from, what company the caller said they were calling from, what the caller said in their message, what number Plaintiff called back, or the content of the phone calls that allowed Plaintiff to conclude that he was speaking with a "representative" of Priority Concepts or whether they had any relationship to the company at all. The omission of these facts is particularly egregious

considering that Plaintiff has access to all of them and yet chose not to include them, presumably because each would actually undercut his claim that Priority Concepts was responsible for the calls or violated the TCPA.

Specifically, Plaintiff could have included the originating phone number, which if his claims were to be believed, would have been traceable back to Priority Concepts. Plaintiff also could have included a transcript of the call, or at least a summary, including the name of the caller and the company he or she was calling from, but he chose not to do so, presumably because the caller was not Priority Concepts. Indeed, the allegation does not expressly state that Priority Concepts made the calls, and the Amended Complaint otherwise does not allege facts that would support an agency relationship between Priority Concepts and the caller. Indeed, Plaintiff fails to allege in the Amended Complaint who the "representative" was that Plaintiff allegedly spoke with, or that "Henry," "Jason," "John," or "Sara" identified themselves as representatives of Priority Concepts.

Plaintiff could have included the number he called, but presumably he omitted it because the number did not belong to Priority Concepts. Plaintiff alleges that his counsel wrote to Priority Concepts to request that he not be contacted again, but did not include the alleged correspondence and concedes that Priority Concepts never responded, or took responsibility for the calls.

Even Plaintiff's allegation that the person he spoke with claimed that they were a representative of Priority Concepts is insufficient insofar as there is no indication that the person was employed by the company, how they were a "representative" of the company or in what capacity they allegedly represented the company. *See Scruggs v. CHW Grp., Inc.*, No. 20-CV-48,

9

2020 WL 9348208, at *6 (E.D.Va. Nov. 20, 2020) (dismissing TCPA claim for lack of standing where plaintiff only alleged that a third party claimed to be associated with defendant). Therefore, as pled, the injury here could be wholly "the result of the independent action of some third party not before the court," which is fatal to satisfying the traceability prong of a standing analysis. *Bennett*, 520 U.S. at 167; *see also Doe v. Va. Dep't of State Police*, 713 F.3d 745, 755-56 (4th Cir. 20 13). That is precisely the case here, and, without these critical details, Plaintiff has failed to allege facts that plausibly indicate that Priority Concepts was responsible for the allegedly offending calls.

Even Plaintiff's inclusion of emails and contracts from Priority Concepts does not tie Priority Contracts to the allegedly offending calls. Specifically, each of the communications are apparently in response to "Jays commercial service," apparently the business name that Plaintiff provided to "Jason," "John" and "Sara." Am. Compl. ¶¶ 32, __. But from the sheer language of the communications, in addition to the email address that they came from, it is clear that these messages came from the automated address that literally any internet user could go to the Priority Concepts website, request and obtain. This is particularly important because the inference to be drawn from the messages is not that Priority Concepts was behind the allegedly offending calls, but rather that a third-party telemarketer generated the email messages in search of a referral.[3]

---

[3] Plaintiff also alleges that "Indeed, Mr. Connor alleges that Priority Concepts continued to call him, even
after the filing of this lawsuit." (Am. Compl. ¶ 5). This added allegation, which was not in the original Complaint, does not help his cause. In fact, the allegation undercuts his claim insofar as one would presume that Priority Concepts, if it were, in fact, responsible for the calls, would cease calling the Plaintiff after it had been sued in federal court. Rather, the proper inference to

Accordingly, Plaintiff has failed to state facts sufficient to demonstrate that Priority Concepts is responsible for the allegedly offending telephone calls or violated the TCPA, and his claim against the company should be dismissed.

### 2. The Amended Complaint Fails to Allege a Violation of the TCPA

The TCPA makes it "unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any . . . cellular telephone . . . for which the receiver is charged for the call." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 (2012); *see also* 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff has failed to sufficiently plead a TCPA violation. Specifically, Plaintiff must allege either that an automated dialing system was used or that the call was pre-recorded.[4] Plaintiff never alleges that an automatic dialing system was used, and though he characterizes the calls as "pre-recorded," he utterly fails to allege any facts to support that conclusion. A complaint sufficiently alleges a call was "pre-recorded" when the allegations go beyond bare legal conclusions or the recitation of statutory language by detailing the frequency and content of the calls. *Davis v. Reliance First Cap., LLC*, No. 22-CV-18, 2023 WL 1982354, at *3 (E.D.N.C Feb. 13, 2023) (citing *Evans v. Nat'l Auto Div., L.L.C.*, No. 15-CV-8714, 2016 WL 885050, at *4-5 (D.N.J. Mar. 8, 2016). Plaintiff utterly failed to meet this standard in the original Complaint, and fails to meet this standard in the Amended Complaint.

---

be drawn is that another party, not Priority Concepts, is responsible for the alleged offending calls.

[4] It should be noted that Priority Concepts does not have or use an automated dialing system or pre-recorded calls.

Here, Plaintiff never states whether he answered the call or let it go to voicemail, nor does he state any facts about the call to support the unsubstantiated conclusion that it was pre-recorded. The Amended Complaint contains no facts about the content of the calls beyond the bare allegation that they stated businesses were entitled to a tax credit based on employee retention. Further, Plaintiff fails to include any facts about the characteristics of the calls that allow the Court to infer that they were, in fact, pre-recorded. See *Davis*, 2023 WL 1982354, at *3 and *Evans*, 2016 WL 885050, at *4-5.

Accordingly, Plaintiff has completely failed to sufficiently plead a TCPA violation and his claim should be dismissed.

### 3. The Court Should Not Exercise Supplemental Jurisdiction Over the South Carolina State Claim

Because the TCPA claim in this matter should be dismissed, and the only remaining claim is a South Carolina state claim, this Court should decline to exercise supplemental jurisdiction.

In the instant case, Plaintiff asserts a violation of the TCPA, a federal law claim, as well as a state law claim under the SCTPPA. Under 28 U.S.C. §1367(a), a district court is authorized to resolve state law claims under the grant of supplemental jurisdiction. Pursuant to §1367(c)(3), however, a district court "may decline to exercise supplemental jurisdiction over a claim […] if […] the district court has dismissed all claims over which it has original jurisdiction."

In *Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995), the Fourth Circuit held that under §1367(c)(3), "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished." See also *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012) ("Section 1367(c) recognizes courts' authority to decline to exercise supplemental jurisdiction in limited circumstances, including […] where the

12

court dismisses the claims over which it has original jurisdiction."); *Hinson v. Norwest Fin. S. Carolina, Inc.*, 239 F.3d 611, 616 (4th Cir. 2001) (stating that, "under the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has inherent power to dismiss the case . . . provided the conditions set forth in §1367(c) for declining to exercise supplemental jurisdiction have been met"). *See, e.g.*, *Ramsay v. Sawyer Property Management of Maryland, LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013) (declining to exercise supplemental jurisdiction over plaintiff's state law claims after dismissing FDCPA claims); *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 500 (D.Md. 2005) ("Because the court will dismiss the claims over which it has original jurisdiction, the court will decline to exercise supplemental jurisdiction over the remaining state law claims.").

When exercising this discretion, the Supreme Court has instructed federal courts to "consider and weigh […] the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over […] pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Here, because the TCPA claim must be dismissed as set forth above, the Court should decline to assert supplemental jurisdiction over the South Carolina state claim and dismiss the case in its entirety. There are no issues of federal policy underlying the remaining state law claims, and comity favors a complete dismissal since the remaining claims are quintessential state law questions. As the Supreme Court has directed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a

13

surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Furthermore, Plaintiff will not be prejudiced if the Court declines to exercise supplemental jurisdiction because the instant case is in the initial stages and the parties have not yet extensively litigated the case or participated in discovery. *OneBeacon America Ins. Co. v. San Juan County*, No. 11-CV-991, 2013 WL 5934351, at *7 (D. N.M. Oct. 4, 2013) ("[T]he parties can relatively easily try the remaining claims in state court without much loss of the effort that they expended in federal court[.]").

Accordingly, because Plaintiff's sole federal claim must be dismissed, so too should his South Carolina state claim.

## IV. CONCLUSION

Priority Concepts respectfully requests that the Court issue an order directing that the Amended Complaint be dismissed with prejudice and that final judgment be entered in favor of the Defendant.

Respectfully submitted on November 10, 2023.

                                        s/Shaun C. Blake
                                        Shaun C. Blake (Fed. ID 10358)
                                        Rogers Lewis Jackson & Mann, LLC
                                        1901 Main Street, Suite 1200
                                        Columbia, SC 29201
                                        Telephone: (803) 834-9335
                                        Email: sblake@rogerslewis.com

                                                      &

                                        Amir H. Toossi, Esq. (*pro hac vice forthcoming*)
                                        Akrivis Law Group PLLC
                                        747 Third Avenue, 32nd Floor

New York, NY 10022
Telephone: (646) 280-6370
Email: atoossi@akrivislaw.com

&

Jamie Clare, Esq. (*pro hac vice forthcoming*)
Joseph Barbiere, Esq. (*pro hac vice forthcoming*)
Cole Shultz, P.C.
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 525.6354
Email: jclare@coleschotz.com
          jbarbiere@coleschotz.com

*Counsel for Defendant Priority Concepts, Inc.*