# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Jay Connor, individually and on behalf of a class of all persons and entities similarly situated, | Case No. 2:23-cv-3726 |
| Plaintiff, | ORDER AND OPINION |
| v. | |
| Priority Concepts, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's motion to dismiss Plaintiff's Amended Complaint. (Dkt. No. 12). Plaintiff filed a response in opposition, (Dkt. No. 13), and Defendant filed a reply, (Dkt. No. 15). For the reasons set forth below, the Court denies Defendant's motion.

**I. Background**

Plaintiff initiated this putative class action asserting claims under the Federal Telephone Consumer Protection Act of 1991 (TCPA) and under the South Carolina Telephone Privacy Protection Act (SCTPPA). (Dkt. No. 10, ¶¶ 56-63).

In his Amended Complaint, Plaintiff alleges that he received four pre-recorded calls on his cell phone. (*Id.*, ¶¶ 23, 37, 45, 55). For each call, Plaintiff alleges that the "pre-recorded message stated that business[es] are due a refund based on a federally mandated employee retention credit program"; that the "company was not properly identified in the pre-recorded message"; that Plaintiff responded to each recorded message and spoke with a representative from Priority Concepts who advertised their services of obtaining tax credits for a fee; and that a contract email was sent to Plaintiff from Priority Concepts after three of the four calls. (*Id.* at 5-8).

Defendant now moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and under Rule 12(b)(6) for failure to state a claim. (Dkt. No. 12 at 5-6). The motion has been fully briefed and is now ripe for the Court's review.

**II. Standard**

**A. Standing**

Dismissal for lack of standing is a legal question for the Court to decide under Rule 12(b)(1).[1] *See White Tail Park, Inc. v. Strouble*, 413 F.3d 451, 459 (4th Cir. 2005). Standing is an essential component to a justiciable "case" under Article III. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In order to establish standing, the plaintiff must show three basic elements: (1) the plaintiff must have suffered an "injury in fact," (2) the injury must be "fairly traceable" to the defendant's challenged conduct, and (3) it must be likely that the plaintiff's injury would be redressed by the requested relief. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). When assessing standing before a federal court, "[t]he party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561, 112 S.Ct. 2130.

---

[1] A challenge to standing under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish standing, or a factual challenge, asserting that the jurisdictional allegations of the complaint are not true. *See Kerns v. U.S.*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant facially challenges the complaint, "the plaintiff . . . is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration," meaning a court must accept all factual allegations in the complaint as true. *Id.* Here, Defendant only made a facial challenge to the complaint. The Court is therefore required to take all allegations of Plaintiff's amended complaint as true.

## B. Failure to State a Claim

A Rule 12(b)(6) motion tests the sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The "court must accept as true all of the allegations contained in a complaint," but cannot accept mere "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Rather, a plaintiff must allege facts "sufficient to state all the elements of her claim," *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), and sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. In other words, the well-pleaded facts must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

## I. Discussion

The TCPA was intended to combat, among other things, the proliferation of automated telemarketing calls (known as "robocalls") to private residences and cell phones because Congress viewed the calls a nuisance and an invasion of privacy. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 375 (2012). Thus, the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA further provides that a person may bring an action to enjoin violations of the statue and recover actual damages or $500 in statutory damages per violation, or treble damages for willful violations. *Id.* § 227(b)(3)(B). "Because the TCPA is a remedial statute, it should be construed to benefit consumers." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013).

Pursuant to the TCPA, Plaintiff seeks injunctive relief prohibiting Defendant from using prerecorded messages in future calls to cell phone numbers and statutory damages on behalf of himself and the proposed class of individuals who have been similarly harmed by Defendant. (Dkt. No. 10, ¶¶ 56-60).

## A. Failure to State a Claim

To state a claim under Section 227(b)(1)(A)(iii) of the TCPA, a plaintiff must allege: (1) that the defendant initiated a telephone call to a cellular phone number (2) using an artificial or prerecorded voice to deliver a message, (3) without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); *see also*, *Abramson v. AP Gas & Electric (PA)*, No. 22-1299, 2023 WL 1782728, at *3 (W.D. Pa. Feb. 6, 2023) (reciting elements to state a claim for residential calls). At this stage, accepting the allegations contained in Plaintiff's amended complaint as true, the Court finds that Plaintiff properly stated a claim for relief.

Plaintiff alleged that he received four prerecorded calls to his cell phone. (Dkt. No. 10, ¶¶ 23, 37, 45, 55). Further, Plaintiff alleged that the prerecorded message stated that businesses are due a refund based on a federally mandated employee retention credit program. (*E.g.*, *Id.*, ¶ 25). Additionally, Plaintiff alleges that he responded to the recorded messages and spoke to representatives from Defendant. (*E.g.*, *Id.*, ¶ 27). These allegations, taken as true, sufficiently allege that the caller used a prerecorded message and sufficiently establish a connection to Defendant. *See Ambramson*, 2023 WL 1782728 at *3. Accordingly, Defendant's motion to dismiss for failure to state a claim is denied.

### B. Standing

Defendant argues that Plaintiff lacks standing to because the amended complaint fails to connect Defendant to the alleged activity. (Dkt. No. 12 at 8-11). To support its position, Defendant lists facts that Plaintiff purportedly failed to allege. Defendant states that Plaintiff failed to allege what number the allegedly offending calls came from, what company the caller said they were calling from, what the caller said in their message, what number Plaintiff called back, and what was said on the calls that allowed Plaintiff to conclude that he was speaking with a representative of Defendant.

These omissions are not fatal. Plaintiff still alleged that he spoke with a representative from Defendant on four separate occasions. (Dkt. No. 10, ¶¶ 28, 41, 50, and 60). He also alleged that the representative provided Defendant's website and provided Defendant's New York address. (*E.g.*, *Id.*, ¶¶ 28-29). Additionally, Plaintiff alleged that a contract e-mail was sent to Plaintiff for Defendant's services as a result of the call. (*E.g.*, *Id.*, ¶ 30). These allegations, accepted as true, plausibly connect Defendant to the alleged activity. Accordingly, Defendant's motion to dismiss for lack of standing is denied.

### C. SCTPPA

Defendant argues that because the TCPA claim in this case should be dismissed the Court should not exercise supplemental jurisdiction over the SCTPPA claim and dismiss the case in its entirety. (Dkt. No. 12 at 12-14). The Court however denied Defendant's motion to dismiss the TCPA claim and maintains original jurisdiction over the TCPA claim and supplemental jurisdiction over the SCTPPA claim.

I. **Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 12).

                                             s/ Richard Mark Gergel
                                             Richard Mark Gergel
                                             United States District Judge

January 18, 2024
Charleston, South Carolina